IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LARRY M. PRESBY, II,

       Plaintiff,

v.

CORR. OFFICER SEAN BAUMGARD,

       Defendant.

OPINION and ORDER

23-cv-447-jdp

---

Pro se plaintiff Larry M. Presby, II, a state prisoner, alleges that defendant Officer Sean Baumgard falsified a conduct report against Presby, which caused Presby to stay in segregation for 12 extra days. Because Presby is incarcerated, I must screen the complaint under 28 U.S.C. § 1915A and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Presby's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim upon which relief may be granted, but I will allow Presby to file an amended complaint to fix the problems identified in this order.

ALLEGATIONS OF FACT

Presby was housed in the restrictive housing unit (RHU) at New Lisbon Correctional Institution. On January 11, 2023, Presby filed five requests for special placement. On January 30, 2023, Presby was approved for half-time release into the general population.

On February 3, 2023, no one came to release Presby into the general population. That day, Baumgard falsely stated in a conduct report that Presby told defendant Baumgard that Presby would not leave the RHU. Presby alleges that the conduct report was false because Baumgard did not go to Presby's door to release him on February 3 as Baumgard stated in the conduct report. After that, Presby complained orally and in writing about not being released from the RHU.

On February 15, 2023, a due process hearing was held. Nondefendant Captain Chatman dismissed the conduct report because security camera footage showed that Baumgard did not go to Presby's cell on February 3 as Baumgard alleged in the conduct report.

After the hearing, Presby was told to leave his RHU cell. Presby asked an administrative captain why he had to spend 12 extra days in the RHU if, to resolve his complaints, staff could have reviewed security camera footage. Nondefendant Sergeant Wursuw wrote Presby another conduct report for refusing to leave the RHU, which caused him to spend 30 more days there.

Presby seeks damages for the 12 extra days that he spent in the RHU, as well as transfer to a "work camp institution in the DOC with a valid driver's license."

ANALYSIS

Presby asserts retaliation and Eighth Amendment claims, and his allegations suggest a procedural due process claim.

A. Retaliation

To state a retaliation claim, Presby must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter future First Amendment activity; and (3) the protected activity was at least a motivating factor in

defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Oral and written complaints about prison conditions are protected activity. *See Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018). To plead that a defendant was motivated to retaliate based on the plaintiff's protected activity, the plaintiff must allege that the defendant had actual knowledge of the protected activity. *See Eaton v. J. H. Findorff & Son, Inc.*, 1 F.4th 508, 512 (7th Cir. 2021); *Healy v. City of Chicago*, 450 F.3d 732, 740 (7th Cir. 2006).

Presby alleges that Baumgard filed a false conduct report after Presby filed the special placement needs forms, which meets the first two elements. But Presby does not allege that Baumgard actually knew about these complaints; he just assumes that these complaints motivated him to file the false conduct report. Presby's allegation that "the other named defendants were aware of the falsified conduct report . . . being invalid on its face and . . . fail[ed] to take any measures to release me from [the RHU]" does not supply the missing causal connection. I understand this allegation to mean that the Baumgard, other prison officials, or both knew that Baumgard's conduct report was false, but not that Baumgard knew that Presby filed the special placement needs forms. I will not allow Presby to proceed on his retaliation claim.

B. **Eighth Amendment**

A prison official denies an inmate humane conditions of confinement if "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Segregation may constitute a violation of the Eighth Amendment depending on the duration and nature of the segregation and whether there were feasible alternatives to that confinement. *See Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017).

Presby alleges a violation of the Eighth Amendment based on the 12 extra days that he spent in the RHU because of the false conduct report. But 12 days in the RHU are not prolonged confinement, and Presby "does not describe the conditions in which []he was held with any detail in h[is] complaint." *Bradley v. Mahoney*, No. 20-cv-51-jdp 2020 WL 2514224, at *3 (W.D. Wis. May 15, 2020). So he does not allege that he faced unusually harsh conditions in the RHU. I will not allow Presby to proceed on this claim.

C. **Procedural due process**

Presby's allegation of a false conduct report, by itself, does not state a procedural due process claim. *See Murphy v. Pollard*, No. 22-cv-548-wmc, 2022 WL 5241860, at *1 (W.D. Wis. Oct. 6, 2022). Presby's "liberty interest, and incumbent entitlement to procedural due process protections, generally extends only to freedom from deprivations that impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Lekas v. Briley*, 405 F.3d 602, 608 (7th Cir. 2005) (alteration adopted); *see also Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697 (7th Cir. 2009) ("[D]isciplinary segregation can trigger due process protections depending on the duration and conditions of segregation.").

Presby's allegations do not suggest that he had a liberty interest in being free from 12 days of disciplinary segregation because this term of segregation, standing alone, is too short to create a protected liberty interest, and Presby "has not provided any allegations comparing the conditions of his disciplinary segregation to the conditions outside of disciplinary segregation or otherwise alleged that the conditions of disciplinary segregation were unusually harsh." *See Carr v. Fuchs*, No. 22-cv-603-jdp, 2023 WL 2351823, at *2 (W.D. Wis. Mar. 3, 2023); *see also Earl v. Racine Cnty. Jail*, 718 F.3d 689, 691–92 (7th Cir. 2013). Also, Presby's conduct report was dismissed after his due process hearing, which indicates that he received

4

the procedural protection he was owed. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995). I will not allow Presby to proceed on a procedural due process claim based on the 12 extra days that he spent in the RHU based on the false conduct report.

It is unclear whether Presby is pursuing a separate procedural due process claim based on the 30 additional days that he spent in the RHU after Wursuw wrote him a conduct report for refusing to leave the RHU. If Presby is bringing such a claim, it is deficient because 30 days of segregation, by itself, does not constitute a deprivation of a protected liberty interest, and because Presby does not allege that the conditions of his segregation were unusually harsh. Also, Presby has not alleged that he failed to receive a disciplinary hearing based on the second conduct report or that the procedural protections that he received at any associated disciplinary hearing were inadequate. I will not allow Presby to proceed on a procedural due process based on the 30 additional days that he spent in the RHU.

**D. Injunctive relief**

Presby seeks transfer to "work camp institution in the DOC with a valid driver's license." This is not the type of remedy that is available in a civil rights lawsuit. I will not allow Presby to proceed on this request because Presby has no liberty interest in being housed at any particular prison, and no liberty or property interest in a prison job. *See DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409, 423–25 (7th Cir. 2020) (en banc); *Starry v. Oshkosh Corr. Inst.*, 731 F. App'x 517, 518 (7th Cir. 2018); *Obriecht v. Raemisch*, 565 F. App'x 535, 539 (7th Cir. 2014); *Starks v. Powers*, 102 F. App'x 40, 42 (7th Cir. 2004).

CONCLUSION

I will allow Presby to file an amended complaint to fix the problems identified in this order. Presby should remember to do the following in drafting his amended complaint:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of his constitutional rights. Presby must take care to allege what each defendant did, or failed to do, to violate his constitutional rights.

- Presby should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Presby believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Larry M. Presby, II's complaint, Dkt. 1, is DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Plaintiff may have until October 26, 2023, to submit an amended complaint that fixes the problems identified in this order.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. The court expects the parties to treat each other and the court with respect. Any abusive or threatening comments or conduct may result in sanctions, including entry of judgment against the offending party.

7. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed for failure to prosecute.

8. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

9. The clerk of court is directed to send plaintiff copies of this order and the court's prisoner complaint form.

Entered September 26, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge