IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LARRY M. PRESBY,

                Plaintiff,

v.

CORRECTIONAL OFFICER SEAN BAUMGART,

                Defendants.

OPINION and ORDER

23-cv-447-jdp

---

Plaintiff Larry M. Presby, proceeding without counsel, seeks three forms of relief: (1) my recusal; (2) court assistance in recruiting counsel; and (3) permission to amend his pleading. Dkt. 66. I will deny these requests.

ANALYSIS

**A. Motion for recusal**

28 U.S.C. § 455(a) requires me to recuse myself "in any proceeding in which [my] impartiality might reasonably be questioned." I have a duty to recuse when presented with valid reasons, but I also have a duty to refuse recusal when justification is lacking. *N.Y. City Hous. Dev. Corp. v. Hart*, 796 F.2d 976, 980 (7th Cir. 1986). Unfavorable legal rulings are not a reason for my recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Presby says that I am biased and have retaliated against him because he brought this lawsuit. My unfavorable rulings don't show bias or a retaliatory motive. Presby contends that I am biased because I denied his motions to recruit counsel and for leave to amend even though defendants didn't object to them. This contention is misleading. I ruled on these motions without requesting a response from defendants; Presby's motions were not unopposed in the

sense that defendants actually agreed with Presby's requests. I will deny Presby's motion for my recusal.

B.  **Motion for court assistance in recruiting counsel**

A party requesting assistance in recruiting counsel must show three things: (1) he cannot afford to hire counsel, 28 U.S.C. § 1915(e)(1); (2) he's made reasonable efforts on his own to find counsel, *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds his ability to prosecute it without counsel, *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc). The second and third requirements are dispositive.

Regarding the second requirement, this court usually requires plaintiffs to submit letters from at least three attorneys to whom they've written and who've refused to take the case. Presby has not met this requirement even though the court previously told him about it. *See* Dkt. 20.

Even if Presby's efforts to find counsel were reasonable, he hasn't shown that this case involves issues that are too complex for him to handle without counsel. As I have previously noted, Presby's pleadings and other submissions show that he adequately describes events, explains why he feels aggrieved, prepares legal documents, and understands court orders. Presby says that he needs help obtaining evidence and preparing for trial. But I issued a trial preparation order, and I have sent Presby procedures that explain in more detail how to prepare for trial. As I have explained to Presby, lack of legal knowledge is a common obstacle to prisoners and does not by itself warrant court assistance in recruiting counsel. Unrepresented prisoners routinely litigate cases of comparable difficulty in federal court. I will deny Presby's request for court assistance in recruiting counsel.

**C. Motion for leave to amend**

I will deny Presby's request for leave to amend his pleading for the reasons given in my order of March 31, 2025. Dkt. 55 at 4. I will not allow any further requests to amend the complaint at this stage. Presby must focus his efforts on preparing for trial.

ORDER

IT IS ORDERED that plaintiff's omnibus motion, 66, is DENIED.

Entered April 23, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge