IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LARRY M. PRESBY, II,

                        Plaintiff,

  v.                                                    PRETRIAL ORDER

SEAN BAUMGART,                                           23-cv-447-jdp

                        Defendant.

---

Trial is scheduled for May 27. Plaintiff Larry M. Presby, II alleges that defendant Sean Baumgart retaliated against him in violation of the First Amendment by writing a conduct report because Presby complained about his conditions of confinement.

Presby has not submitted any of the materials required by the trial preparation order, so the court will prepare for trial on the basis of Baumgart's submissions. Drafts of the voir dire, special verdict form, and jury instructions are attached. Counsel for defendant is directed to work with prison officials to ensure that plaintiff receives this order and its attachments immediately.

Baumgart filed two motions in limine. Presby has not responded to them.

ANALYSIS

**A. Baumgart's first motion in limine, regarding damages**

Baumgart asks for a pretrial ruling that Presby's damages are limited to $1 in "nominal and punitive damages" pursuant to 42 U.S.C. § 1997e(e). *See* Dkt. 63 at 1–2. Section § 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody

without a prior showing of physical injury or the commission of a sexual act." This provision applies only to compensatory damages, "not nominal or punitive damages involving physical injury." *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019).

Baumgart hasn't submitted any evidence of physical injury, and he doesn't allege physical injury in the complaint. *See* Dkt. 17 at 3–4; Dkt. 42. Thus, § 1997e(e) bars any recovery for compensatory damages for mental or emotional injury. Because § 1997e(e) bars compensatory damages, Presby is entitled to nominal damages of $ 1 if he proves a violation of the First Amendment. *See Calhoun v. DeTella*, 319 F.3d 936, 942 (7th Cir. 2003); *see also Carey v. Piphus*, 435 U.S. 247, 266–67 (1978) (nominal damages are limited to $1).

But I will deny Baumgart's request to limit punitive damages to $1. Baumgart hasn't provided any authority that the absence of physical injury would preclude punitive damages. The case he cites, *Pearson v. Welborn*, 471 F.3d 732 (7th Cir. 2006), does not discuss the relationship between punitive damages and § 1997e(e).

**B. Baumgart's second motion in limine, regarding Presby's compliance with court orders**

Presby improperly refused to submit to questioning at his deposition. Dkt. 65. Presby also expressed his intent to defy the court's orders at trial. Baumgart asks me to instruct Presby that he has to follow the rules concerning what evidence may be presented at trial and that he will face sanctions if he does not follow the court's orders.

It should go without saying that all parties have to comply with the court orders. Given Presby's expression of defiance, I will have zero tolerance any failure to comply with my orders. Any intentional failure to comply with my instructions will result in the dismissal of the case.

ORDER

IT IS ORDERED that:

1. Counsel for defendant is directed to work with prison officials to ensure that plaintiff receives immediate receipt of this order and its attachments, and to file prompt notification that counsel has completed this task.

2. Defendant's first motion in limine, Dkt. 63, is GRANTED in part: if plaintiff prevails on his First Amendment claim, he will be entitled to nominal damages of $1.00 and he may seek punitive damages. The court will address plaintiff's conduct at the final pretrial conference.

Entered May 16, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge